UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD V. BOND,

    Plaintiff,

-vs-

Case No. 09-14541
Hon: AVERN COHN

U.S. BANK NATIONAL ASSOCIATION, as
trustee for JPMAC 2005 WMC J.P. MORGAN
MORTGAGE ACQUISITION CORP 2005-WMCI,
CHRISTENE RICHTER, TIMOTHY B. MYERS,
DANIELLE JACKSON, JUSTIN F. CARTER, AND
ORLANS ASSOCIATES, P.C.,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This is a Fair Debt Collections Practices Act (FDCPA) case with a related Fourteenth Amendment claim. Defendant U.S. Bank National Association, as Trustee for JPMAC 2005 WMC1 J.P. Morgan Mortgage Acquisition Corp., 2005-WMC1 (U.S. Bank)[1] acquired title to real property known as 7968 Forest Creek Court in Whitmore Lake (7968 Forest Creek Court) through a foreclosure auction. Plaintiff Donald V. Bond (Bond) is the former owner and current tenant of 7968 Forest Creek Court. Acting as agents of U.S. Bank, defendant Orlans Associates P.C. (Orlans), a law firm, and attorneys Christene Richter, Timothy Myers, Danielle Jackson, and Justin Carter

---

[1] The record does not disclose the relationship between U.S. Bank National Association and JPMAC 2005 WMC1 J.P. Morgan Mortgage Acquisition Corp., 2005-WMC1.

initiated eviction proceedings against Bond in state court.  Bond claims that his alleged mortgage obligation was never verified[2] and that the subsequent eviction proceedings violated the FDCPA.  He further claims that the foreclosure by advertisement violated his due process rights under the Fourteenth Amendment.  Bond seeks an order enjoining the disposal, sale, or transfer of 7968 Forest Creek Court.  Bond is proceeding pro se.  The complaint is in two counts:

(I) Violation of FDCPA – engaging in debt collection activity after receipt of a validation request, and

(II) Violation of Fourteenth Amendment – engaging in foreclosure by advertisement

Now before the Court is defendants' motion for summary judgment.  Defendants seek summary judgment on the FDCPA claim on grounds that the claim is barred by the statute of limitations, the Rooker-Feldman doctrine, and res judicata, and on grounds that they did not violate the FDCPA.  Defendants seek summary judgment on the Fourteenth Amendment claim on grounds that there is no state action.

Ordinarily the Court would schedule this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).  For the reasons that follow, the motion is GRANTED.  The case is DISMISSED.

## II.  FACTS

---

[2] If an alleged debtor disputes a debt obligation claimed by a creditor, the debtor may demand verification of the debt.  The debt collector must cease all debt collection activities until it has provided the alleged debtor documentation that verifies that the debt is owed.  15 U.S.C. § 1692(g), see also supra section IV.A.1.

On May 26, 2005 Bond executed a mortgage to Allstate Home Loans, Inc securing the real property at 7968 Forest Creek Court for the mortgage debt. Prior to June 30, 2008 Bond became delinquent in his mortgage payments.

On June 30, 2008 Bond received a letter from non-party Trott & Trott, P.C., a debt collection firm, seeking to collect on Bond's outstanding debt on behalf of Chase Home Finance, LLC.[3] Bond responded by demanding verification of the debt. Bond received a second letter from Trott & Trott on September 9, 2008 and again responded by demanding verification of the debt. There is no record that verification was provided.

On August 1, 2008 Bond filed for Chapter 7 Bankruptcy in the Eastern District of Michigan. On August 18, 2008 he filed a statement of intention to surrender the 7968 Forest Creek Court property. The mortgage holder was listed as non-party Chase Manhattan Mortgage Company (Chase).[4] On September 3, 2008 the bankruptcy judge issued an Order for Relief From Automatic Stay as to Chase. The order permitted Chase to pursue its state court remedies with respect to 7968 Forest Creek Court. On November 12, 2008 Bond received a discharge in bankruptcy.

On September 10, 2008 Trott &Trott commenced foreclosure by advertisement on 7968 Forest Creek Court. A sheriff's sale occurred on November 5, 2008. The Sheriff's Deed on Mortgage Sale states that the mortgage was assigned to U.S. Bank

---

[3]Chase Home Finance appears to be a mesne assignee of the mortgage. The record does not disclose the circumstances of Chase Home Finance's assignment of the mortgage. There is no allegation that Chase Home Finance is related in any way to the defendants.

[4]Chase appears to be a mesne assignee of the mortgage. The record does not disclose the circumstances of Chase's assignment of the mortgage. There is no allegation that Chase is related in any way to the defendants.

on October 13, 2008. U.S. Bank was the highest bidder at the foreclosure auction. After Bond failed to exercise his statutory right of redemption, title to 7958 Forest Creek Court vested in U.S. Bank.

After Bond refused to vacate the property, Orlans, acting on behalf of U.S. Bank, initiated summary eviction proceedings on May 19, 2009 in the 53rd District Court in Michigan. Bond filed a motion to dismiss and/or for summary judgment asserting that U.S. bank violated the FDCPA by failing to validate his debt. On June 24, 2009 the district court denied Bond's motion and granted U.S. Bank a Judgment of Possession for the property. Bond appealed to the 44th Circuit Court in LIvingston County, Michigan. The circuit court affirmed, holding that an alleged FDCPA violation is not a valid defense to eviction because eviction does not involve debt collection. Bond appealed to the Michigan Court of Appeals. The appeal was dismissed for failure to seek leave.

On October 26, 2009 U.S. Bank filed a Writ of Restitution in the 53rd District Court. Bond responded with a motion to stay proceedings. The district court denied the stay and issued an Order for Writ of Restitution on November 4, 2009. Bond again appealed to the Circuit Court. The Circuit Court denied his appeal as vexatious and awarded U.S. Bank $975 in costs as a sanction.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence submitted shows that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."

4

Fed. R. Civ. P. 56(a). Accordingly, the movant bears the initial responsibility of informing the court of the basis for its motion, and identifying what it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a motion for summary judgment is properly made and supported, an opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). All facts and inferences should be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970).

## IV. ANALYSIS

### A. The Law

#### 1. The FDCPA

The FDCPA provides a variety of protections to debtors and alleged debtors by regulating creditors' debt collection activities. The FDCPA requires a creditor to cease debt collection activity if the debtor disputes the validity of the debt. The FDCPA states in part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt or any portion of the debt is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). The FDCPA places no time limit on verification of a disputed debt. A debt collector who receives a demand for verification is under no obligation to respond,

5

but must either do so or abandon the debt collection activity. Purnell v. Arrow Financial Services LLC, 303 Fed. App'x 297, 304 (6th Cir. 2008).

If a debt collector continues seeking collection of a disputed debt without first verifying it, the alleged debtor can bring an action under the FDCPA so long as the suit is filed within one year of the alleged violation. 15 U.S.C. § 1692k(d).

### 2. The Fourteenth Amendment

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." Waeschle v. Dragovic, 576 F.3d 539, 544 (6th Cir. 2009) (citation omitted). A plaintiff cannot maintain a cause of action under the due process clause unless the alleged deprivation was the result of state action. Northrip v. Federal National Mortgage Association, 527 F.2d 23, 25 (6th Cir. 1975). When the alleged deprivation was caused solely by non-state actors, there can be no Fourteenth Amendment violation. Id.

### B. FDCPA Claim

### 1. Statute of Limitations

**a.**

The FDCPA has a one year statute of limitations. 15 U.S.C. § 1592k(d). U.S. Bank asserts that Bond's cause of action accrued on October 17, 2008 – 30 days after he

6

demanded verification of the debt. U.S. Bank misunderstands the verification requirements of the FDCPA. The FDCPA places no time limit on a debt collector's verification of an outstanding debt; it merely prohibits any debt collection activity until verification occurs. Thus, a cause of action under the FDCPA does not arise until the illegal debt collection activity occurs and the statute of limitations does not begin to run until that time.

**b.**

It appears that Bond's FDCPA claim is based solely on the summary eviction action filed in the district court on May 19, 2009. Bond filed his complaint in this action on November 20, 2009, well within the one year statute of limitations. To the extent that Bond is challenging the eviction action his claim is not barred by the statute of limitations.

However, any debt collection action which occurred before November 20, 2008 would be time barred. To the extent he is challenging the sheriff's sale (November 5, 2008) or foreclosure by advertisement (September 10, 2008), his claims are barred by the statute of limitations.

**2. Rooker-Feldman Doctrine**

**a.**

Defendants also assert that Bond's FDCPA claim is barred by the Rooker-Feldman doctrine because Bond is seeking review of a state court decision. Rooker and Feldman are two cases in which the Supreme Court established that federal appellate review of state court decisions is vested solely in the Supreme Court and that federal district courts lack subject matter jurisdiction to exercise such appellate review. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462

7

(1983).  In these cases "the losing party in state court filed suit in federal court after the state court proceedings ended, *complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.*  McCormick v. Braverman, 451 F.3d 382, 391 (6th Cir. 2006) (quoting Exxon Mobile Corp. v. Saudi Basic Industrial Corp., 544 U.S. 280, 291 (2005) (emphasis in original)).  However, federal and state courts have concurrent jurisdiction in many cases and "the entry of judgment by the state court before the federal court in such a situation would not trigger *Rooker-Feldman.*  Instead, preclusion law would govern."  Id. at 392 (citing Exxon Mobile, 544 U.S. at 292).  Thus Rooker-Feldman is not implicated unless the plaintiff claims an injury caused by a state court judgment.  If a plaintiff merely claims that private defendants acted illegally, a federal court should accept jurisdiction and apply preclusion law.  See id.

**b.**

Defendants assert that summary judgment should be entered on Rooker-Feldman grounds because the present lawsuit "is in essence a rehash of the state court matter which resulted in a favorable ruling for U.S. Bank." (Defendant's Brief at 8).  While Bond's complaint describes the proceedings before the state courts in some detail, it does not appear that he is claiming an injury as a result of a state court decision or seeking review and reversal of a state court decision.  Rather, Bond appears to be challenging the initiation of the state court action by U.S. Bank as a violation of the FDCPA.[5]  Because the cause

---

[5]Much of Bond's complaint is copied directly from his appellate briefs filed in the 44th Circuit Court.  If Bond is directly challenging the outcome of the state court proceedings summary judgment would be appropriate under the Rooker-Feldman doctrine.

of action appears to arise out of the initiation of the state court action rather than its outcome, Rooker-Feldman is not applicable. However, as noted in McCormick, preclusion will apply to issues resolved by the state court.

### 3. Preclusion

#### a.

As an alternative to their Rooker-Feldman argument, defendants assert that they are entitled to summary judgment on the basis of res judicata because the state courts have already addressed and rejected Bond's FDCPA claim.

State court decisions are given the same preclusive effect in federal court as they would have in the state where they are rendered. 28 U.S.C. § 1738 ("The records and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."); Executive Art Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 795 (6th Cir. 2004). Because defendants rely on the decision of a Michigan court, Michigan preclusion law must be applied in this case.

Under Michigan law, claim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." Executive Art Studios, 391 F.3d at 795 (quoting Adair v. State, 470 Mich. 105, 120 (2004). Michigan construes claim preclusion broadly to bar not only the claims already litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised, but did not." Adair, 470 Mich. at 120.

9

**b.**

Defendants rely on the Opinion and Order of the circuit court which affirmed the district court's judgment in its favor. U.S. Bank National Association, Trustee for JPMAC 2005 WMC J.P. Morgan Mortgage Acquisition Corp 2005 WMCI v. Bond, No. 09-24533 (Mich. 44th Cir. Ct. Sept. 17, 2009). In that case, the circuit court held that Bond could not raise the FDCPA as a defense to U.S. Bank's suit to terminate his tenancy. Id. The circuit court held that "there are laws governing collection practices and foreclosure proceedings. However, these laws, and the defenses corresponding thereto, are inapplicable in a summary eviction proceeding in District Court." Id. The basis for the circuit court's decision was the fact that, unlike a foreclosure action, a summary eviction action does not involve debt collection. Id.

**c.**

Bond's assertion that res judicata should not apply because the state court decision was not on the merits is misplaced. Although the circuit court did not determine whether or not U.S. Bank violated the FDCPA, its decision was on the merits because it considered and resolved whether an alleged violation of the FDCPA is a valid defense to a summary eviction action. By answering that question in the negative, the circuit court reached a final decision, on the merits, as to whether Bond could successfully defend his tenancy based on the FDCPA. In addition, there is no dispute that the present action involves the same parties as the state law case – Bond and U.S. Bank – and that the present action involves the same matter as the state law case – whether the FDCPA applies to summary eviction. Because all three prongs of the test for claim preclusion are met, Bond's FDCPA claim is barred by res judicata and defendants are entitled to summary judgment.

### 4. The FDCPA

Finally, defendants assert that they did not violate the FDCPA when they initiated summary eviction proceedings against Bond after he had demanded verification of his debt. Their action cannot constitute an FDCPA violation because U.S. Bank initiated summary eviction rather than foreclosure proceedings. Bond had already surrendered the property to the mortgagee in his bankruptcy and his outstanding debts were discharged in bankruptcy.

Both the procedural posture and substance of US Bank's state court action against Bond establish that the May 19, 2009 summary eviction action did not constitute debt collection. First as defendants and the circuit court pointed out, foreclosure, not summary eviction, is the appropriate means of collecting on a defaulted mortgage debt. Foreclosure was commenced on September 10, 2008 and the sheriff's sale was completed on November 5, 2008. As described above, these debt collection activities are not the subject of this action. In contrast, summary eviction can only occur after title has changed hands and a former debtor remains in possession. At that point, the debt collection process has ended and the plaintiff is seeking possession of the property rather than monetary damages. U.S. Bank's summary eviction complaint confirms that it sought possession rather than monetary damages. Because US Bank was not seeking to collect a debt when it initiated the summary eviction proceedings against Bond, its actions could not violate the FDCPA.

Further, all of Bonds' debt associated with 7968 Forest Creek Park had been discharged prior to May 19, 2009. On August 18, 2008 Bond filed a Statement of Intention to surrender the property to the current mortgagee. By surrendering 7968 Forest Creek

Park Bond effectively discharged his outstanding debt to that creditor. To the extent that Bond's debt exceeded the value of 7968 Forest Creek Park, the outstanding indebtedness was discharged on November 12, 2008 when Bond was discharged from bankruptcy. Therefore Bond had no debt associated with 7968 Forest Creek Park after November 12, 2008. Because he lacked any debt with respect to the property, U.S. Bank's summary proceeding action against him could not constitute debt collection and could not violate the FDCPA.

## V. Due Process Claim

Bond's sole claim with respect to the foreclosure action involves a due process challenge on the basis that foreclosure by advertisement deprived him of his property without notice and a prior hearing. Bond relies on two cases from the Eastern District of Michigan: Gardner v. Tri-State Development Co., 382 F. Supp. 377 (E.D. Mich. 1974) and Northrip v. Federal National Mortgage Association, 372 F. Supp. 594 (E.D. Mich. 1974). Defendants assert that they are entitled to summary judgment because foreclosure by advertisement does not involve state action.

After the District Court's decisions in Gardner and Northrip the Sixth Circuit held that Michigan's foreclosure by advertisement statute did not involve state action and, therefore, could not form the basis of a due process claim. Northrip v. Federal National Mortgage Association, 527 F.2d 23 (6th Cir. 1975). This decision directly reversed the district court's decision in Northrip. It also overruled Gardner with respect to the issue of state action. Gardner found state action based on the participation of a sheriff and register of deeds and also found state encouragement of private action under the reasoning of Reitman v. Mulkey, 387 U.S. 369 (1967). Gardner, 382 F. Supp. at 379. The Sixth Circuit addressed

the participation of a sheriff and register of deeds and the applicability of Reitman and rejected them as bases for asserting state action.

This Court is bound by the decisions of the Sixth Circuit and Bond has provided no reason to suggest that the Sixth Circuit's decision in Northrip is no longer controlling. Further, the Michigan Court of Appeals has also found that foreclosure by advertisement does not involve state action. Cheff v. Edwards, 203 Mich. App. 557, 560 (1994) ("The constitutionality of foreclosure by advertisement have been reviewed and held valid previously by this court in *Nat'l Airport Corp v. Wayne Bank*, 73 Mich App 572, 576; 252 N.W.2d 519 (1977), by our Supreme Court in *Cramer v. Metropolitan Savings & Loan Ass'n*, 401 Mich. 252; [***5] 258 NW2d 20 (1977) cert den 436 U.S. 958 (1978), and by the United States Court of Appeals for the Sixth Circuit in *Northrip v. Federal Nat'l Mortgage Ass'n*, 527 F2d 23 (CA 6, 1975)."). In light of this overwhelming authority supporting defendants' position, the Court must grant summary judgment on grounds that foreclosure by advertisement does not involve state action.

SO ORDERED.


Dated: March 29, 2010         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Donald V. Bond, 7968 Forest Creek Ct, Whitmore Lake, MI 48189 the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160